**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03400-REB-CBS

TRENTON H. PARKER,

    Plaintiff,

v.

CONGRESSMAN JOHN BOEHNER, Speaker of The United States House of Representatives,
CONGRESSWOMAN NANCY PELOSI,
DENNIS HASTERT,
NEWT GINGRICH, former spe[a]kers of the House of Representatives,
CONGRESSMAN MIKE COFFMAN,
CONGRESSWOMAN DIANA DEGETTE,
CONGRESSMAN CORY GARDNER,
CONGRESSMAN DOUG LAMBORN,
CONGRESSMAN ED PERLMUTTER,
CONGRESSMAN JARED POLIS,
CONGRESSMAN SCOTT TIPTON, and
SCOTT GESSLER, Colorado Secretary of State,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the **Recommendation of United States Magistrate Judge** [#8][1] filed June 5, 2012. I approve and adopt the recommendation.

    No objections to the recommendation were filed. Thus, I review it only for plain error. ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the recommended of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.  Appropriately, the magistrate judge recommends that the complaint of the plaintiff be dismissed without prejudice for failure prosecute this case, failure to comply with the orders of this court, and failure to comply with the rules applicable to this case.

After the initial complaint [#1] and amended complaint [#6] were filed, the court entered an **Order To Show Cause** [#7] directing the plaintiff, Trenton Parker, to show cause why this case should not be dismissed based on the failure of Mr. Parker to serve the defendants, to prosecute this case, to comply with the orders of this court, and to comply with the rules applicable to this case.  Mr. Parker was warned in that order [#7] that his failure to respond to the **Order To Show Cause** [#7] may result in the dismissal of this case without prejudice.  Mr. Parker did not file a response to the **Order To Show Cause** [#7], and he has made no effort to prosecute this case since he filed his amended complaint [#6] on January 11, 2012.

The magistrate judge recommends that this case be dismissed without prejudice based on the failure of Mr. Parker to serve the defendants, to prosecute this case, to comply with the orders of this court, and to comply with the rules applicable to this case.

> "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." **Reed v. Bennett**, 312 F.3d 1190, 1195 (10th Cir.2002). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." **Nasious [v. Two Unknown BICE Agents]**, 492 F.3d [1158,] at 1162 [(10th Cir. 2007)]. A dismissal with prejudice, on the other hand, is a harsh remedy, and the district court should ordinarily first

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

2

consider certain criteria. *Id*.

***AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Associates, Inc.***, 552 F.3d 1233, 1236 (10th Cir. 2009).  The magistrate judge recommends the dismissal of this case without detailed consideration of the criteria which must be considered when dismissing a case with prejudice as a sanction.  I agree with the analysis of the magistrate judge.

Further, if the criteria outlined in ***Gripe v. City of Enid, Okl.***, 312 F.3d 1184, 1188 (10th Cir. 2002), citing ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 918 (10th Cir. 1992), are considered, dismissal of this case is appropriate.  There has been no prejudice to the defendants because they have not been served.  The plaintiff has interfered with the judicial process by filing a case with this court and then refusing to prosecute the case.  The plaintiff is culpable because the failure to prosecute was caused solely by the plaintiff.  The plaintiff was warned that dismissal was a possible sanction for his failure to prosecute, and there is no indication that a sanction lesser than dismissal without prejudice would be efficacious.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#8] filed June 5, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the amended complaint [#6] of the plaintiff is **DISMISSED** without prejudice based on the failure of the plaintiff to serve the defendants, to prosecute this case, to comply with the orders of this court, and to comply with the rules applicable to this case; and

3.  That under FED. R. CIV. P. 58, judgment **SHALL ENTER** against the plaintiff, Trenton H. Parker, and **SHALL DISMISS** the complaint of the plaintiff [#6] without prejudice.

Dated May 12, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge